United States District Court
Southern District of Texas
**ENTERED**
June 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAVID ANGEL ROMERO GARCIA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-03383** |
| | § | |
| **WARDEN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Petitioner David Angel Romero Garcia's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 6). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I. BACKGROUND

Petitioner is a citizen of Venezuela who arrived in the United States on a tourist visa on May 9, 2021. Petitioner remained in the United States after the visa expired on November 8, 2021. ECF No. 6 at 2. Petitioner obtained Temporary Protected Status, which was terminated on November 20, 2025. *Id.* Respondents subsequently detained Petitioner on December 11, 2025. On December 19, 2025, Respondents served the Petitioner with a Notice to Appear and placed him in removal proceedings. *Id.* On January 12, 2026, an Immigration Judge ("IJ") denied bond, finding that Petitioner was a flight risk. On March 30, 2026, an IJ ordered removal; Petitioner appealed. Removal proceedings are ongoing. *Id.* Petitioner has been in continuous detention for 194 days, or over six months.

## II. ANALYSIS

The Court concludes Petitioner's ongoing prolonged detention violates his rights under the Due Process Clause. The Supreme Court held in *Demore v. Kim* that, under the factual circumstances before the Court in that case, "the Government [could] constitutionally detain deportable aliens [under § 1226(c)] during the limited period necessary for their removal proceedings." 538 U.S. 510, 526 (2003). The *Demore* Court held that detention must "bear[] a reasonable relation to the purpose for which the individual was committed" in order to comport with due process. *Id.* at 527-28. In reaching this conclusion, the Court relied on the "brief" average length of detention under § 1226(c) in 2003. *Id.* at 523. Specifically, the Court cited statistics showing that "in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days," or four months longer in those cases "in which the alien appeals the decision of the Immigration Judge to the Board of Immigration Appeals." *Id.* at 529.

The *Demore* Court reaffirmed that, under *Zadvydas v. Davis*, 533 U.S. 678 (2001), a statute that permitted indefinite detention would be constitutionally suspect. The Court distinguished from *Zadvydas*, writing that, "[w]hile the period of detention in *Zadvydas* was 'indefinite' and 'potentially permanent,'' the detention at issue in *Demore* "[wa]s of a much shorter duration." *Demore*, 538 U.S. at 528. Under *Zadvydas*, detention in the post-removal order context is only presumptively permissible under due process for six months. *Zadvydas*, 533 U.S. at 701. While *Zadvydas* is not binding in this context—before a final removal order exists—it is instructive that the Supreme Court finds six months of detention that could continue indefinitely to be constitutionally impermissible.

Additionally, this Court is persuaded by the First and Second Circuits' reasoning in *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) and *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020), in which the courts held that prolonged detention under § 1226(a) violates the due process clause under *Mathews v. Eldridge*, 424 U.S. 319 (1976). While the length of detention here is shorter than in *Hernandez-Lara* or *Velasco Lopez*, the reasoning still holds, as there is no indication that Petitioner's detention will end any time soon.

Similarly, in *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026), this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting *Demore*, 538 U.S. at 527). The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id.*

For all these reasons, this Court finds that Petitioner's lengthy detention constitutes a serious deprivation of liberty in violation of Petitioner's due process rights.

## I. REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

In this case, Petitioner has been deprived of his liberty in violation of the Due Process Clause for more than six months, or 194 days. Given the severity of this ongoing unconstitutional

deprivation of liberty, the Court concludes that immediate release from custody is required. The Court joins other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within **<u>48 hours</u>**.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **<u>no less than three hours</u>** prior to his release from custody.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent notice and a hearing before an IJ at which the Government bears the burden of

proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before June 26, 2026**, informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on June 23, 2026.

Keith P. Ellison
United States District Judge